## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JUVENAL CAMILO CUEVAS** (hereinafter referred to as "Plaintiff") and **LA PEQUENA TIENDA & DELI, INC. and STEPHANIE CHIMBO and ANGEL CHIMBO, as individuals** (hereinafter "Defendants"), regarding Plaintiff's employment and the settlement of any and all wage-and-hour claims that Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **21-CV-850** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.    **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agrees to the following payment terms:

a.    Defendants shall cause Plaintiff to be paid the gross sum of Fifteen Thousand Dollars ($15,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable in eighteen (18) monthly installments as follows:

> i. **On or before November 1, 2022 and continuing each month for seventeen consecutive months,** Defendants shall provide payment of $850.00 on the first of each month for a total of Fourteen Thousand Four Hundred Fifty Dollars ($14,450.00). For each monthly payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $546.67 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $303.33.

> ii. **On the 18th and final month of the payment plan,** Defendants shall provide payment of $550.00. For this payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $353.72 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $196.28.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

1

c. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiff acknowledges that he has received no representations from Defendants' Counsel regarding taxation or tax advice and agree to indemnify Defendants from any all tax related liabilities from the settlement payments.

2.   **Confession of Judgment**

a.   Upon signing of this settlement agreement, Defendants shall each execute a Confession of Judgment in the amount of Eighty Thousand Dollars ($30,000.00) (attached hereto as **Exhibit A**), less any payments made pursuant to this Agreement, and counsel for the Plaintiff, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b.   In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to Stephen D. Hans, Esq., **shans@hansassociates.com,** of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c.   In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d.   Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

e.   Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiff shall return the Confessions of Judgment to Defendants' counsel.

3.   **Stipulation of Dismissal**

The parties shall file a stipulation of dismissal with prejudice as to all claims brought all Defendants in this action within five (5) days of Plaintiff's counsel written confirmation of receipt of the first installment due in Paragraph 1(a)(i). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

2

4.    **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 21-CV-850**) by Plaintiff against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiff have established that any such claims have any merit or that Plaintiff have incurred any damages, shall be deemed settled, satisfied and resolved.

5.    **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff' employment and separation thereof.

6.    **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, his successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff now has or has ever had.

7.    **Non-Disparagement**

Plaintiff agrees that he will not make any comments that will disparage Defendants or any of Defendants' officers and/or employees. Such disparaging comments include comments concerning the quality of work performed by Defendants, its officers, and employees and/or other communications which might otherwise impair the reputation of Defendants, its officers and employees. Likewise, Defendants agree that its officers and/or principals will not make any statements to any third parties that will disparage Plaintiff including comments concerning Plaintiff's work performance. Nothing herein contained shall be construed to prohibit Plaintiff or Defendants from making any truthful statements concerning the terms of this Settlement Agreement and/or any truthful statements regarding their experiences litigating this matter.

8.    **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

3

## 9.    Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff' employment with Defendants.   This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 10.    Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 11.    Effective Date

This Agreement and Release shall become effective immediately upon Court approval.

## 12.    Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFF:**

JUVENAL CAMILO CUEVAS

Date: 11/4/22

**DEFENDANTS:**

LA PEQUENA TIENDA & DELI INC.

STEPHANIE CHIMBO, Agent Authorized to sign on behalf of LA PEQUENA TIENDA & DELI INC.

Date: 11/11/22

4

STEPHANIE CHIMBO, as an individual

Date: 11/11/22

ANGEL CHIMBO, as an individual

Date: 11/11/22

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
JUVENAL CAMILO CUEVAS, individually and on behalf
of all others similarly situated,

                                             Plaintiff,

    -against-

LA PEQUENA TIENDA & DELI, INC., and STEPHANIE
CHIMBO and ANGEL CHIMBO, as individuals,

                                    Defendants.
-------------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

**1:21-cv-850**

I, STEPHANIE CHIMBO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, LA PEQUENA TIENDA & DELI INC., in the above action.

2. My full legal name is _____ Stephanie J Chimbo _____ and I reside at _____ 106-15 Northern Blvd. Corona NY 11368 _____.

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiff for the sum of Thirty Thousand Dollars ($30,000.00) in this matter, less any payments made in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 21-CV-850 (the "Litigation") and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against STEPHANIE CHIMBO.

4. I, as an authorized agent of LA PEQUENA TIENDA & DELI, INC., hereby confesses judgment in this Court in favor of the Plaintiff, for the sum of Thirty Thousand Dollars ($30,000.00) in this matter, less any payments made in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 21-CV-850 (the "Litigation") and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against LA PEQUENA TIENDA & DELI, INC.

5. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week. Defendants denied all allegations and that Plaintiff was entitled to any recovery. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of Fifteen Thousand Dollars ($15,000.00) pursuant to the following payment schedule:

 i. **On or before November 1, 2022 and continuing each month for seventeen consecutive months,** Defendants shall provide payment of $850.00 on the first of each month for a total of Fourteen Thousand Four Hundred Fifty Dollars ($14,450.00). For each monthly payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $546.67 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $303.33.

 ii. **On the 18th and final month of the payment plan,** Defendants shall provide payment of $550.00. For this payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $353.72 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $196.28.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to Stephen D. Hans, shans@hansassociates.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

8. Defendants shall be jointly and severally liable for the amounts set forth in these Confessions of Judgment.

9. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

STEPHANIE CHIMBO, as an individual

Date: 11/11/22

Sworn to before me this
14 day of November, 2022

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

STEPHANIE CHIMBO, as an agent authorized to execute on behalf of LA PEQUENA
TIENDA & DELI INC.

Date: 11/11/22

Sworn to before me this
14 day of November, 2022

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JUVENAL CAMILO CUEVAS, individually and on behalf
of all others similarly situated,

**CONFESSION OF
JUDGMENT**

Plaintiff,

-against-

**1:21-cv-850**

LA PEQUENA TIENDA & DELI, INC., and STEPHANIE
CHIMBO and ANGEL CHIMBO, as individuals,

Defendants.

----------------------------------------------------------------X

I, ANGEL CHIMBO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, LA PEQUENA
TIENDA & DELI INC., in the above action.

2. My full legal name is _____ Angel L. Chimbo _____ and I reside at
___ 106-15 Northern Blvd, Corona NY 11368 ___ .

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiff for
the sum of Thirty Thousand Dollars ($30,000.00) in this matter, less any payments made
in accordance with the amicable resolution of an action between these parties pending in
the Eastern District of New York bearing Docket No. 21-CV-850 (the "Litigation") and
hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter
judgment for that sum against ANGEL CHIMBO.

4. I, as an authorized agent of LA PEQUENA TIENDA & DELI, INC., hereby confesses
judgment in this Court in favor of the Plaintiff, for the sum of Thirty Thousand Dollars
($30,000.00) in this matter, less any payments made in accordance with the amicable
resolution of an action between these parties pending in the Eastern District of New York
bearing Docket No. 21-CV-850 (the "Litigation") and hereby authorize Plaintiff or his
heirs, executors, administrators, or assigns to enter judgment for that sum against LA
PEQUENA TIENDA & DELI, INC.

5. This confession of judgment is for a debt justly due to the Plaintiff arising out of the
following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week. Defendants denied all allegations and that Plaintiff was entitled to any recovery. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of Fifteen Thousand Dollars ($15,000.00) pursuant to the following payment schedule:

    i. **On or before November 1, 2022 and continuing each month for seventeen consecutive months,** Defendants shall provide payment of $850.00 on the first of each month for a total of Fourteen Thousand Four Hundred Fifty Dollars ($14,450.00). For each monthly payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $546.67 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $303.33.

    ii. **On the 18th and final month of the payment plan,** Defendants shall provide payment of $550.00. For this payment, Defendants shall issue one check payable to Plaintiff Juvenal Camilo Cuevas for $353.72 and one check payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiff, for $196.28.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to Stephen D. Hans, shans@hansassociates.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

8. Defendants shall be jointly and severally liable for the amounts set forth in these Confessions of Judgment.

9. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

ANGEL CHIMBO, as an individual

Date: 11/11/22

Sworn to before me this
14th day of November, 2022

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

ANGEL CHIMBO, as an agent authorized to execute on behalf of LA PEQUENA
TIENDA & DELI INC.

Date: 11/11/22

Sworn to before me this
14th day of November, 2022

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023