UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JUVENAL CAMILO CUEVAS, *individually
and on behalf of all other similarly situated
employees*,

                    Plaintiff,

           -against-

LA PEQUENA TIENDA & DELI, INC., and
STEPHANIE   CHIMBO,   and   ANGEL
CHIMBO, *as individuals*,

                    Defendants.

-----------------------------------------------------------X

                          **ORDER**
                      21 CV 850 (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On February 17, 2021, plaintiff Juvenal Camilo Cuevas ("plaintiff") filed a complaint

against defendants La Pequena Tienda & Deli, Inc., Stephanie Chimbo, and Angel Chimbo

(collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") §§ 190 et seq. and 650, et seq.

(Compl.[1])  Plaintiff alleges that defendants failed to pay him proper minimum and overtime

wages and failed to provide him with proper wage statements and notices.  (Pl.'s Ltr.[2] at 1–2).

The parties attended mediation and notified the Court that they agreed to a settlement in

principle on July 7, 2022.  (ECF No. 20).  On September 27, 2022, the plaintiff filed a joint

motion for settlement approval.  (ECF No. 21).  On October 4, 2022, this Court held a fairness

hearing on the motion, pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir.

---

[1] Citations to "Compl." refer to the Complaint, filed on February 17, 2021.  (ECF No. 1)
[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter motion for settlement approval, filed with the Court on September 27, 2022.  (ECF No. 21).

1

2015).  On November 21, 2022, the district court approved the parties' consent to transfer jurisdiction to the undersigned Magistrate Judge.  (ECF Nos. 22, 24).

For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable and approves plaintiff's request for attorney's fees.  Although the Complaint was filed as a putative class and collective action, no certification had been sought or granted; therefore, the matter is being settled as to plaintiff Cuevas only.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that defendants Stephanie Chimbo and Angel Chimbo own and operate defendant La Pequena Tienda & Deli, Inc. (the "Deli"), which is located at 106-15 Northern Blvd., Corona, New York 11368.  (Compl. ¶¶ 8, 10, 26).  Plaintiff alleges that the defendants were engaged in interstate commerce within the meaning of the FLSA and that the Deli had an annual gross volume of sales of at least $500,000.  (Id. ¶ 41).  Plaintiff further alleges that defendants Stephanie Chimbo and Angel Chimbo were employers within the meaning of the FLSA and NYLL.  (Id. ¶¶ 25, 40).

Plaintiff claims that he worked for defendants from approximately May 2019 until September 2019 and from approximately February 2020 until September 2020.  (Id. ¶ 42)  From May 2019 to September 2019, plaintiff was paid approximately $465 per week, and from February 2020 to September 2020, plaintiff was paid approximately $500 per week.  (Id. ¶ 45).  Plaintiff's duties included stocking products, preparing food, helping customers, and performing deliveries.  (Id. ¶ 43).  Plaintiff worked at least 60 hours a week during his tenure at the Deli, but he was not paid an overtime rate for his hours worked in excess of 40 hours per week.  (Id. ¶¶ 44, 46).  Plaintiff also alleges defendants failed to post proper wage notices or maintain proper records.  (Id. ¶¶ 47–49).

On September 27, 2022, the parties submitted their motion for settlement approval, along with an unexecuted Agreement and Release (the "Agreement") and unexecuted confessions of judgment. (ECF No. 21). The parties submitted executed versions of these documents on November 14, 2022. (ECF No. 23). The parties propose to settle all of plaintiff's claims for a total of $15,000. (Pl.'s Ltr. at 1; Agr.[3] ¶ 1). According to the terms of the Settlement Agreement, plaintiff will receive $9,647.11 and plaintiff's counsel will receive $5,352.89 in fees and costs. (Pl.'s Ltr. at 4; Agr. ¶ 1).[4] As part of the consideration supporting the Agreement, plaintiff agrees to release defendants from any and all claims alleged in the Complaint. (Agr. ¶ 6).

DISCUSSION

I.      Legal Standards

In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that, where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")).

---

[3] Citations to "Agr." refer to the executed Agreement and Release, filed with the Court on November 14, 2022. (ECF No. 23).

[4] According to paragraph 1(a) of the Agreement, plaintiff is to receive seventeen payments of $546.67 each, and one payment of $353.72, which amounts to a total of $9,647.11 (($546.67*17) + $353.72 = $9,647.11)). Also according to the same paragraph, plaintiff's counsel is to receive seventeen payments of $303.33 each, and one payment of $196.28, which amounts to $5,352.89 (($303.33*17) + $196.28 = $5,352.89). However, according to plaintiff's letter motion, plaintiff is to recover $9,647 and his attorney is to recover $5,353 in costs and fees. (Pl.'s Ltr. at 4). The Court assumes that the totals detailed in the Agreement are the ones that reflect the parties' final consensus and tabulations and observes the approved breakdown of the settlement amount to be namely, plaintiff is to receive $9,467.11 and his counsel is to receive $5,352.89.

Courts have identified several factors to consider when determining whether a proposed

settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which
> 'the settlement will enable the parties to avoid anticipated burdens
> and expenses in establishing their respective claims and defenses';
> (3) the seriousness of the litigation risks faced by the parties;
> (4) whether 'the settlement agreement is the product of arm's-length
> bargaining between experienced counsel'; and (5) the possibility of
> fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v.

American Cancer Soc., No. 10 CV 3214, 2010 WL 3000028, at *1 (S.D.N.Y July 23, 2010)); see

also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25,

2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1)

accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if

a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc.,

948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven

though a district court has a duty to review an FLSA settlement for reasonableness to prevent any

potential abuse, this does not grant the court authority to rewrite contract provisions it finds

objectionable." Id. at 606. Rather, if a court finds one or more provisions of an FLSA settlement

agreement to be unreasonable, the court must reject the proposed settlement. Id. at 605.

   II.    Settlement Terms

       The Court finds that the terms of the Agreement are fair and reasonable. The Court notes

that the Agreement does not contain any confidentiality clauses, bans on future employment,

broad general releases, or non-disparagement clauses that do not contain a carve-out for truthful

statements, all of which have previously been rejected by courts in this Circuit. See Ortiz v. My

Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (explaining that confidentiality and broad general release clauses are impermissible) (collecting cases), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016);  Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").  Specific terms are discussed in turn below.[5]

### A.    Settlement Amount

The total proposed settlement amount is $15,000.  (Agr. ¶ 1).  Plaintiff will receive $9,647.11 under the Agreement.  (Id.)  Plaintiff estimated that he was owed approximately $30,000 in unpaid wages.  (Pl.'s Ltr. at 2).  Defendants dispute plaintiff's damages estimates – namely, the dates and hours plaintiff claims he worked for defendants.  (Id.)  According to plaintiff, defendants are suffering from serious financial hardship and plaintiff is concerned

---

[5] The Court takes note that each of the individual defendants has executed confessions of judgment in which they agree to be individually and severally liable for $30,000, or double the total settlement award in this matter in the event that the defendants default under the payment schedule set out in paragraph 1 of the Agreement. (See Agr. ¶ 2; ECF No. 23, Ex. A).  Note, there is a typographical error in paragraph ¶ 2(a) of the Agreement that states the confessions of judgment are in the amount of "Eighty Thousand Dollars ($30,000);" however, it is clear from the confessions of judgment submitted they are in the amount of thirty thousand dollars each.  (ECF No. 23, Ex. A).  Courts in this Circuit have held that confessions of judgment do not pose a barrier to the approval of a settlement agreement under Cheeks.  See Mendoza v. LGRC Corp., No. 19 CV 8479, 2020 WL 1974210, at *2 (S.D.N.Y. Apr. 24, 2020) (holding "any potential unfairness to *defendants* inherent in the affidavits of confession of judgment is not a barrier to judicial approval of the Agreement under *Cheeks* and its progeny. . . [and], while there is a possibility that the liquidated damages provision in those affidavits could be deemed an unenforceable penalty in future proceedings . . . it would be premature for this Court to prejudge the issue in the context of a *Cheeks* review); see also Carnero v. Bagel Mentch, Inc., No. 21 CV 781, 2022 WL 3448660, at *3 n.2 (E.D.N.Y. Apr.12, 2022), report and recommendation adopted, 2022 WL 3446335 (E.D.N.Y. Aug. 17, 2022).  This Court does not pass on the enforceability of those confessions of judgment at this time.

about his ability to collect on a judgment were he to proceed with trial. (Id.) Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing his claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

### B.      Jurisdiction

The Court recognizes that the parties wish to have the Court retain jurisdiction in the event either party defaults under this Agreement. (Agr. ¶ 3). "The Second Circuit has explicitly held that a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate." Melchor v. Eisen & Son Inc., No. 15 CV 113, 2016 WL 3443649, at *6 (S.D.N.Y. June 10, 2016) (citing cases). A court's approval of a settlement agreement under Cheeks is not sufficient alone as a basis for retaining federal jurisdiction over enforcement of that FLSA settlement agreement. Mao v. Mee Chi Corp., No. 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (holding there is no "suggestion in *Cheeks* that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements"); see also Kim v. WJ Grp., Inc., No. 18 CV 3833, 2020 U.S. Dist. LEXIS 204384, at *4 (E.D.N.Y. Nov. 2, 2020) (collecting cases).

If the parties want this Court to retain jurisdiction for purposes of enforcing the Agreement and for entering the confessions of judgment, they should make it explicit in their stipulation of dismissal.

6

C. Attorney's Fees and Costs

According to the proposed settlement agreement, $5,352.89 of the settlement funds will go to the plaintiff's counsel to cover counsel's fees and costs, in the amount of $4,822.89 and $530 respectively.  (Agr. ¶ 1; Pl.'s Ltr. at 4).  The costs requested include the Eastern District of New York's filing fee and the fees for effectuating service on the defendants.  (Pl.'s Ltr. at 4). Courts often award costs that are "incidental and necessary to [plaintiff's] representation." Mitland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993).  Plaintiff's counsel's fees reflect roughly one third of the net settlement amount.[6]  (Pl.'s Ltr. at 4).  Counsel notes that similar fee awards are routinely approved in this Circuit.  (Id.)

Courts must assess the reasonableness of plaintiff's attorney's fees, regardless of whether the fee has been negotiated as part of the settlement amount.  Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)).  The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."  Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (omission in original) (quoting In re Union Carbide Corp. Consumer Prods. Bus. Sec Litig., 724 F. Supp. 160, 163 (S.D.N.Y. 1989)).

In calculating attorney's fees, courts have used one of two methods:  the "lodestar" method and the "percentage-of-recovery" method.  See Allen v. Taylor, 795 F. App'x 79, 80 (2d Cir. 2020) (summary order).  When using the "lodestar" method, courts multiply the number of

---

[6] It appears that counsel will collect just $.44 less than one third of the net settlement amount ($14,470/3 = 4,823.33).

hours reasonably spent by counsel on the matter by a reasonable hourly rate.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002).  Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors,  Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), and courts in this Circuit have applied a multiplier to the lodestar calculation. E.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method.  See McDaniel v. County of Schenectady, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases).  With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable.  See Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).  However, a one-third percentage may be "simply too great" in relation to the work performed.  See Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

Here, plaintiff was represented by James O'Donnell, Esq., an attorney with the Law Offices of Helen F. Dalton & Associates, P.C.  In this case, plaintiff is seeking an award of attorney's fees in the amount of $ 4,822.89, using the "percentage of recovery" method to seek compensation in the amount of roughly one third of the net settlement award.  (Pl.'s Ltr. at 4). Given that counsel was able to navigate a settlement successfully and quickly between experienced counsel, the Court finds the award of fees is reasonable.

The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here.  See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).  Thus, as plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and in consideration of the Goldberger factors set forth above, the Court approves the agreed-upon attorney's fees.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements).  The Court also finds that plaintiff's request for fees and costs is reasonable.

9

The parties are directed to file a stipulation of dismissal by **December 19, 2022.**

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.

      **SO ORDERED.**

Dated:  December 5, 2022
          Brooklyn, New York

                        _Cheryl L. Pollak_
                        Cheryl L. Pollak
                        United States Magistrate Judge
                        Eastern District of New York